JS - 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWJ ENTERPRISES, INC. RETIREMENT ACCOUNT, <br><br> Plaintiff, <br><br> v. <br><br> ELENA DAVIS, et al., <br><br> Defendants. | CASE NO. CV 15-3022 FMO (Ex) <br><br> **ORDER REMANDING ACTION** |

On April 23, 2015, defendant Elena Davis ("defendant"), having been sued by TWJ Enterprises, Inc. Retirement Account ("plaintiff") in what appears to be a routine unlawful detainer action in California state court, filed a Notice of Removal of that action on federal question grounds pursuant to 28 U.S.C. §§ 1331 and 1441. (See Notice of Removal - Federal Question ("NOR") at ¶ 3).

Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1447(c);[1] Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if

---

[1] 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

1 it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks and citations omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See id. ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Here, the court's review of the NOR and the attached state court complaint, (see, generally, NOR & Exhibit ("Exh.") A ("Complaint")), makes clear that this court does not have federal question jurisdiction over the instant matter. In other words, plaintiff could not have brought this action in federal court, in that plaintiff does not competently allege facts supplying either federal question or diversity jurisdiction, and therefore removal was improper. See 28 U.S.C. §§ 1441(a);[2] Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

There is no basis for federal question jurisdiction, as the state court complaint contains a single cause of action for unlawful detainer. (See, generally, Complaint). The state court

---

[2] 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

complaint discloses no federal statutory or constitutional question. (<u>See</u>, <u>generally</u>, <u>id.</u>); <u>see</u> <u>also</u> <u>Wescom Credit Union v. Dudley</u>, 2010 WL 4916578, at *2 (C.D. Cal. 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); <u>see also</u> <u>Indymac Fed. Bank., F.S.B. v. Ocampo</u>, 2010 WL 234828, at *2 (C.D. Cal. 2010) ("No federal claim is alleged in the Complaint," where "[t]he Complaint contains a single cause of action for unlawful detainer.").

Further, there is no merit to defendant's contention that federal question jurisdiction exists on the basis of the "Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. §5201" ("PTFA"). (<u>See</u> NOR at ¶ 7) (internal quotation marks omitted). The PTFA does not create a private right of action; rather, it provides a defense to state law unlawful detainer actions. <u>See</u> <u>Logan v. U.S. Bank Nat. Ass'n</u>, 2013 WL 3614465, *1 (9th Cir. 2013) (affirming dismissal of the complaint because the PTFA "does not create a private right of action allowing [plaintiff] to enforce its requirements"); <u>accord</u> <u>Wescom</u>, 2010 WL 4916578, at *2 ("The PTFA's provisions requiring that notice be given ninety days in advance and preventing termination of a bona fide lease unless a purchaser will occupy the unit as a primary residence, *see* P.L. No. 111-22 § 702(a)(2)(A), offer [defendant] a federal defense to an unlawful detainer action where the plaintiff fails to comply with these requirements. A federal defense, however, does not support federal-question jurisdiction.") (citation omitted). It is well-settled that a "case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." <u>Caterpillar</u>, 482 U.S. at 393, 107 S.Ct. at 2430. Thus, to the extent defendant's defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. <u>See</u> <u>id</u>. Therefore, there is no basis for federal question jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 12720 Norwalk Blvd., Norwalk, California 90650, for lack

1 | of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2 |      2. The Clerk shall send a certified copy of this Order to the state court.

3 | Dated this 29th day of April, 2015.

                                                   /s/
                              Fernando M. Olguin
                         United States District Judge